[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11061
Non-Argument Calendar

_____

Agency No. A97-391-147

CHENG XI LI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 15, 2009)

Before DUBINA, BLACK and BARKETT , Circuit Judges.

PER CURIAM:

Petitioner Cheng Xi Li, a female native and citizen of China represented by counsel, seeks review of the Board of Immigration Appeals' ("BIA's") order denying her motion to file a successive asylum application or to reopen removal proceedings under the Immigration and Nationality Act ("INA") or the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT").[1]

Li, who previously applied for asylum, withholding of removal, and CAT relief without success, moved to reopen the proceedings based on materially changed circumstances in connection with: (i) China's one-child family policy, particularly after Li gave birth to a child in this country; and (ii) its treatment of political dissidents. The BIA denied her motion, however, and Li now argues that it abused its discretion in this respect and failed to consider her CAT-related claim. The government responds that we lack jurisdiction over the latter claim because Li did not raise it in her motion to reopen.

---

[1]Li did not file the present petition for review within 30 days of the issuance of the original order of removal. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). This limit is "mandatory and jurisdictional," *Dakane v. U.S. Attorney Gen.*, 399 F.3d 1269, 1272 n. 3 (11th Cir. 2005), and the filing of a motion to reopen does not affect the need to file a separate petition appealing the removal order. *Stone v. INS*, 514 U.S. 386, 394, 115 S. Ct. 1537, 1543-44, 131 L. Ed. 2d 465 (1995). Accordingly, we do not have jurisdiction to review any of the findings underlying the original removal order, including the Immigration Judge ("IJ") and BIA's determination that Li knowingly filed a frivolous asylum application.

I.

Under the Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L. 104-208, 110 Stat. 3009-546 (1996) ("IIRIRA"), successive asylum applications are barred, unless the applicant demonstrates "the existence of changed circumstances which materially affect the applicant's eligibility for asylum." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D); *Najjar v. U.S. Att'y Gen.*, 257 F.3d 1262, 1280 n.8 (11th Cir. 2001).

Nevertheless, section 208(d)(6) of the INA provides that an alien who makes a frivolous application despite having received notice of the consequences of so doing, "shall be permanently ineligible for any benefits under [the INA]." 8 U.S.C. § 1158(d)(6). The implementing regulation describes a frivolous application as one in which the IJ or the BIA, after first being satisfied that the applicant had been provided with an opportunity to account for discrepancies and implausible aspects of the application, finds that "any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20.

In the present case, we conclude from the record that Li has failed to demonstrate that the BIA erred as a matter of law or otherwise abused its discretion by finding her ineligible to file a successive asylum application. The BIA determined that Li was statutorily barred from obtaining asylum, because she

3

previously filed a frivolous application, and there is nothing in the present record to show that this conclusion was legally incorrect.

## II.

Normally, "[w]e review the BIA's denial of a motion to reopen for an abuse of discretion." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). When the BIA has not addressed an issue of fact raised by a petitioner or has misstated the record, however, "'the proper course . . ., is to remand to the agency for additional investigation or explanation.'" *See Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (quoting *INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 355, 154 L. Ed. 2d 272 (2002)).

Motions to reopen may be granted if there is new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. *See* 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3). The movant has the "heavy burden" of presenting evidence which would likely change the result in the case. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006).

Ordinarily, a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2); INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i). The 90-day filing deadline does not apply, however, to an alien who files a motion to reopen predicated upon "changed circumstances arising

4

in the country of nationality . . ., if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii).

A.    *The One-Child Family Planning Policy*

Forced abortions and sterilizations are considered persecution on account of political opinion, and "a person who has a well founded fear that he or she will be forced to undergo such a procedure . . . shall be deemed to have a well founded fear of persecution on account of political opinion." 8 U.S.C. § 1101(a)(42)(B).

We have held that previously unavailable evidence alleging a recent campaign of forced sterilization in the petitioner's home province was sufficient to satisfy the changed circumstances requirement in an untimely motion to reopen, where the evidence was consistent with the conclusion in the U.S. Department of State China Country Report on Human Rights Practices that forced abortions and sterilization continued in certain parts of China. *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1375 (11th Cir. 2007).

Here, the BIA found that "none" of Li's family planning evidence post-dated the closing of the record below, but this is refuted by the record. Li actually submitted the following previously unavailable evidence: (1) her own affidavit stating that she would be subject to a fine and forced sterilization upon returning to China with two children in violation of the family planning policy; (2) a statement

5

by Amnesty International to the House of Representatives, issued in December 2004 following Li's asylum hearing but before the BIA dismissed her appeal, indicating that human rights conditions have continued to deteriorate as a result of China's family planning policy; (3) a January 2007 article about China's plans to continue to enforce its family planning policy; and (4) the 2005 and 2006 Country Reports.

The BIA's failure to acknowledge or address Li's previously unavailable evidence precludes us from properly reviewing the determination that she failed to demonstrate changed country conditions. Accordingly, we grant Li's petition on this ground, vacate the order denying her motion to reopen based on China's family planning policy, and remand the case to the BIA for additional investigation or explanation, and further proceedings consistent with this opinion.

B.    *The Treatment of Political Dissidents*

In order for an alien to show that evidence of changed country conditions is material, she must present evidence that satisfies the BIA that, if proceedings were reopened, the new evidence would likely change the result in the case. *Ali*, 443 F.3d at 813.

We conclude from the record that the BIA did not abuse its discretion by denying Li's motion to reopen based on increased pressure on political dissidents

6

in China, because Li failed to demonstrate that these changes were material to her own activism, which had occurred in the United States.

III.

Procedurally, we "lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted [her] administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

Here, we have jurisdiction to review Li's CAT-related claim because she properly exhausted her administrative remedies by presenting it to the BIA in her motion to reopen. Nevertheless, Li's claim is substantively without merit because the BIA explicitly analyzed whether she had established a basis for reopening removal proceedings under *both* the Immigration and Nationality Act ("INA") *and* CAT.

**PETITION GRANTED IN PART AND DENIED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**